In the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida

DELBERT JENNINGS and REBECCA JENNINGS,

    Plaintiffs,

v.

AARON'S SALES & LEASE OWNERSHIP, INC.,

    Defendant.

_____/

FILED
15 JUN -5 AM 10:39
Date / Time
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

Case No. 13-CA-002990

2:15-CV-341-FtM-29CM

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs, DELBERT JENNINGS and REBECCA JENNINGS (hereinafter referred to as "Plaintiffs"), by and through the undersigned counsel, and hereby file this First Amended Complaint against the Defendant, AARON'S SALES & LEASE OWNERSHIP, INC., also known as AARON'S INC. (hereinafter referred to as "Defendant"), and allege in support thereof:

### JURISDICTION

1. This is an action for damages in an amount greater than $15,000.00.

2. This action seeks redress for the unlawful collection practices committed by the Defendant in connection with its efforts to collect an alleged consumer debt from Plaintiffs. Plaintiffs seek monetary, declaratory and injunctive relief based on violations of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

1

## PARTIES

4. Plaintiffs, Delbert and Rebecca Jennings, are natural persons who reside in Lee County, Florida, and are "consumers" as that term is defined by Fla. Stat. § 559.55(2).

5. Defendant, Aaron's Sales & Lease Ownership, Inc., also known as Aaron's Inc., is a foreign profit corporation operating from a principal address of 309 E. Paces Ferry Rd. N.E., Atlanta, GA 30305-2377, and is a "creditor" as that term is defined by Fla. Stat. § 559.55(3).

## FACTUAL ALLEGATIONS

6. Since October 2, 2013, Plaintiffs have received numerous phone calls from Defendant in an effort to collect on a debt allegedly owed by Plaintiffs to Defendant.

7. The debt at issue arises out of alleged transactions which were primarily for personal, family or household purposes, and therefore falls within the definition of "debt" as defined by Fla. Stat. § 559.55(1).

8. Defendant made phone calls to Plaintiffs with such frequency that can reasonably be expected to harass the Plaintiffs, to wit:

   a. Call from (239) 278-7780 on October 2, 2013 at 3:00 pm
   b. Call from (239) 278-7780 on October 3, 2013 at 11:29 am
   c. Call from (239) 278-7780 on October 4, 2013 at 11:27 am
   d. Call from (866) 825-7528 on October 7, 2013 at 5:57 pm
   e. Call from (239) 278-7981 on October 8, 2013 at 9:28 am
   f. Call from (866) 825-7528 on October 8, 2013 at 12:39 pm
   g. Call from (239) 278-7981 on October 8, 2013 at 8:23 pm
   h. Call from (239) 278-1064 on October 9, 2013 at 9:08 am
   i. Call from (239) 278-1064 on October 9, 2013 at 9:16 am

j.  Call from (239) 278-1064 on October 9, 2013 at 12:06 pm

k.  Call from (239) 278-1064 on October 10, 2013 at 4:37 pm

l.  Call from (239) 278-7981 on October 10, 2013 at 4:39 pm

m.  Call from (239) 278-7780 on October 11, 2013 at 8:57 am

n.  Call from (866) 825-7528 on October 11, 2013 at 11:58 am

o.  Call from (866) 877-9211 on October 14, 2013 at 10:37 am

9. During many of the phone calls placed to Plaintiffs by Defendant, a representative for the Defendant threatened to have Plaintiffs arrested for non-payment of the aforementioned alleged consumer debt, and *explicitly told Plaintiffs that the Defendant had obtained an arrest warrant against Plaintiffs for non-payment of the alleged debt.*

10. Upon information and belief, Defendant used an automated telephone dialing system to contact Plaintiffs on their cellular telephones.

11. At no point during the course of Plaintiffs' relationship with Defendant did Plaintiffs provide Defendant with express written consent to be contacted on their cellular telephones.

12. On or about October 11, 2013 at approximately 9:30 am, the undersigned's paralegal placed three phone calls to Defendant at (239) 278-7780 to inform the Defendant that its communications with Plaintiffs were illegal, and to further inform the Defendant that Plaintiffs were represented by counsel with respect to the alleged debt in question and Defendant should make no further attempts to contact Plaintiffs directly.

   a.  During the first such phone call, Defendant's representative, a man named "Ernest", stated that "it doesn't matter" what the paralegal told him, and said that the Defendant was "going to keep calling" the Plaintiffs.

3

b. During the second such phone call, the paralegal asked to speak to Ernest again; upon picking up the phone, Ernest immediately hung up.

c. During the third such phone call, the paralegal spoke with a different representative for Defendant. Defendant was again informed that its conduct was illegal and that Plaintiffs were represented by counsel, and any further communications must be made to the undersigned and not to the Plaintiffs. Defendant's representative responded that he would forward Plaintiffs' file to Defendant's legal department to determine whether Plaintiffs were eligible to have collection calls stopped.

13. Immediately following the three above-described phone calls, Defendant made another call to Plaintiffs threatening to have Plaintiffs arrested for non-payment of the alleged debt.

14. Additionally, following service upon the Defendant of the initial complaint filed in this action, Defendant sent its representatives to Plaintiffs' house with such frequency that can reasonably be expected to harass the Plaintiffs, to wit:

a. December 16, 2013 at 3:57 pm – representative's name was Israel

b. December 17, 2013 at 3:30 pm – representative's name was Shellie

c. December 18, 2013 at 7:30 pm – representative's name was Shellie

d. December 20, 2013 at 8:50 am – representative's name was Shellie

e. December 23, 2013 at 6:00 pm – representative's name was Shellie

f. December 24, 2013 at 8:55 am – representative's name was Israel

g. December 26, 2013 at 6:30 pm – representative's name was Shellie

h. January 6, 2014 at 4:36 pm – representative's name was Israel

i. January 7, 2014 at 5:07 pm – representative's name was Israel

j. January 8, 2014 at 3:30 pm – representative's name was Shellie

4

k. January 9, 2014 at 6:13 pm – representative's name was Israel

l. January 10, 2014 at 4:15 pm – representatives names were Israel and Shellie

m. January 13, 2014 at 7:00 pm – representative's name was Shellie

n. January 14, 2014 at 5:15 pm – representative's name was Israel

o. January 17, 2014 at 11:45 am – representative's name was Shellie

p. January 18, 2014 at 9:45 am – representatives names were Shellie and Israel

q. January 20, 2014 at 4:00 pm – representative's name was Israel

r. January 21, 2014 at 3:20 pm – representative's name was Shellie

s. January 22, 2014 at 7:00 pm – representative's name was Shellie

t. January 25, 2014 at 9:27 am – representative's name was Israel

u. January 27, 2014 at 6:45 pm – representative's name was Shellie

v. January 28, 2014 at 6:10 pm – representative's name was Shellie

w. January 29, 2014 at 3:37 pm – representative's name was Elisha Onysko

x. January 29, 2014 at 7:50 pm – representative's name was Elisha Onysko

y. January 31, 2014 at 11:30 am – representative's name was Shellie

z. January 31, 2014 at 6:45 pm – representative's name was Shellie

aa. February 1, 2014 at 9:40 am – representative's name was Israel

bb. February 4, 2014 at 7:30 pm – representative's name was Elisha Onysko

cc. February 5, 2014 at 5:59 pm – representative's name was Elisha Onysko

dd. February 5, 2014 at 9:00 pm – representative's name was Elisha Onysko

ee. February 6, 2014 at 8:50 pm – representative's name was Israel

ff. February 7, 2014 at 6:45 pm – representatives' names were Shellie and Israel

15. During many of the above-described visits, the representative for Defendant would bang on the door loudly and yell for the Plaintiffs to answer. Defendant's representatives would also frequently threaten to call the police and have Plaintiffs arrested.

16. During the visit by Shellie on December 26, 2013, Shellie told Plaintiff Rebecca Jennings that she was calling the police to have Mrs. Jennings arrested for non-payment, and claimed that Mrs. Jennings stole the furniture that resulted in the alleged debt Defendant is attempting to collect.

17. Defendant memorialized each attempt to collect personally from Plaintiffs by placing notes on Plaintiffs' door. It should be noted that all such notes are dated after the date the initial Complaint in this action was filed and served upon the Defendant, and many of the notes are dated after the date Defendant's counsel entered an appearance in this case. True and correct copies of such notes are attached hereto and incorporated by reference as **Composite Exhibit "A"**.

18. The actions of the Defendant as alleged herein constitute willful, intentional, gross and flagrant violations of the Florida Consumer Collection Practices Act, Florida Statute § 559.55, *et seq*.

19. The actions of the Defendant as alleged herein constitute willful, intentional, gross and flagrant violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

20. The Plaintiffs have been severely agitated, annoyed, traumatized, emotionally damaged and have otherwise been unduly inconvenienced by the actions of the Defendant.

## COUNT I
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Florida Statute § 559.72(7)

21. Plaintiffs incorporate by reference paragraphs 1 through 20 above as though fully stated herein.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of Florida Statute § 559.72(7) with respect to Plaintiffs.

23. Upon information and belief, Defendant did knowingly, willfully, maliciously, recklessly, wantonly, outrageously, and with complete disregard for the rights of the Plaintiff, engage in conduct reasonably expected to abuse or harass the Plaintiffs, in direct violation of Florida Statute § 559.72(7).

24. As a result of Defendant's violations of the FCCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Florida Statute § 559.77(2), from Defendant.

25. Additionally, Florida Statute § 559.77(2) provides that a court may award punitive damages as well as equitable relief to Plaintiffs such as enjoining further illegal collection activity. Plaintiffs reserve the right to amend this Complaint to seek punitive damages against Defendant for its ongoing violations of the FCCPA.

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Florida Statute § 559.72(9)

26. Plaintiffs incorporate by reference paragraphs 1 through 20 above as though fully stated herein.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of Florida Statute § 559.72(9) with respect to Plaintiffs.

28. Upon information and belief, Defendant did knowingly, willfully, maliciously, recklessly, wantonly, outrageously, and with complete disregard for the rights of the Plaintiff, assert the existence of the legal right to have Plaintiffs arrested for non-payment of a debt with full knowledge that such right did not exist, in direct violation of Florida Statute § 559.72(9).

29. As a result of Defendant's violations of the FCCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Florida Statute § 559.77(2), from Defendant.

30. Additionally, Florida Statute § 559.77(2) provides that a court may award punitive damages as well as equitable relief to Plaintiffs such as enjoining further illegal collection activity. Plaintiffs reserve the right to amend this Complaint to seek punitive damages against Defendant for its ongoing violations of the FCCPA.

## COUNT III
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Florida Statute § 559.72(18)

31. Plaintiffs incorporate by reference paragraphs 1 through 20 above as though fully stated herein.

32. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of Florida Statute § 559.72(18) with respect to Plaintiffs.

33. Upon information and belief, Defendant did knowingly, willfully, maliciously, recklessly, wantonly, outrageously, and with complete disregard for the rights of the Plaintiffs, communicate directly with Plaintiffs with after gaining express knowledge that Plaintiffs were represented by counsel, in direct violation of Florida Statute § 559.72(18).

8

34. As a result of Defendant's violations of the FCCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Florida Statute § 559.77(2), from Defendant.

35. Additionally, Florida Statute § 559.77(2) provides that a court may award punitive damages as well as equitable relief to Plaintiffs such as enjoining further illegal collection activity. Plaintiffs reserve the right to amend this Complaint to seek punitive damages against Defendant for its ongoing violations of the FCCPA.

## COUNT IV
## VIOLATIONS OF THE TELEPHONE CONSUMER PRACTICES ACT
## 47 U.S.C. § 227

36. Plaintiffs incorporate by reference paragraphs 1 through 20 above as though fully stated herein.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA with respect to Plaintiffs.

38. Under the provisions of 47 U.S.C. § 227(b)(1)(A)(iii), Defendant was and is prohibited from using any automatic telephone dialing system to make any call to any telephone number assigned to a cellular telephone.

39. The Plaintiffs have never given Defendant express written consent to call Plaintiffs' cellular telephones.

40. The phone calls placed by Defendant to Plaintiffs' cellular telephones were not made for emergency purposes.

41. Before such calls were placed, the Defendant was aware of the prohibitions on making such calls pursuant to the TCPA.

42. As a result of Defendant's violations of the TCPA, Plaintiffs are entitled to actual monetary loss, or $500.0 in damages for each violation, and reasonable costs pursuant to 47 U.S.C. § 227 from Defendant. As Defendant placed no fewer than fifteen (15) calls to Plaintiffs' cellular telephones in violation of the TCPA, Plaintiffs seek statutory damages in an amount no less than $7,500.00.

43. Additionally, 47 U.S.C. § 227 provides that a court may award treble statutory damages to Plaintiffs in the event that Defendant's violations of the TCPA are shown to have been "willful and knowing." Plaintiffs submit that Defendant's violations of the TCPA were both willful and knowing, and accordingly requests treble damages in an amount no less than $22,500.00.

## DEMAND FOR JURY TRIAL

44. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.

**WHEREFORE**, the Plaintiffs, DELBERT JENNINGS and REBECCA JENNINGS, having set forth their claims for relief against the Defendant, AARON'S SALES & LEASE OWNERSHIP, INC., also known as AARON'S, INC., respectfully pray of the Court as follows:

- for an award of actual damages pursuant to Florida Statute §§ 559.77 for Plaintiffs;
- for an award of statutory damages pursuant to Florida Statute § 559.77 for Plaintiffs;
- for an award of costs of litigation and reasonable attorney's fees pursuant to Florida Statute §§ 559.77 for Plaintiffs;
- for an award of treble statutory damages in the amount of $22,500.00 pursuant to 47 U.S.C. § 227, or, in the alternative, for an award of statutory damages in the amount of $7,500.00 pursuant to 47 U.S.C. § 227;

10

- for an injunction to enjoin further abusive collection practices; and
- for such other relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon the persons named on the attached Service List via E-mail (or U.S. mail if party is unrepresented and has not designated an E-mail address) on September 30, 2014.

THE DELLUTRI LAW GROUP, P.A.
1436 Royal Palm Square Blvd.
Fort Myers, FL 33919
239-939-0900
239-939-0588 – Fax
www.DellutriLawGroup.com

/s/ Joseph C. LoTempio
Joseph LoTempio, Esq.
FBN: 0086097
jlotempio@dellutrilawgroup.com

(secondary email - electronic service only)
Fla.ECF.DellutriLawGroup@gmail.com

### Service List

Aarons Sales & Lease Ownership. Inc., c/o Gray Robinson, P.A., 8889 Pelican Bay Blvd, Suite 400, Naples, FL 34108, michael.randolph@gray-robinson.com, debbie.helton@gray-robinson.com