UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DELBERT JENNINGS and REBECCA JENNINGS,

    Plaintiffs,

v.   Case No: 2:15-cv-341-FtM-29CM

AARON'S SALES & LEASE OWNERSHIP, INC.,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on plaintiffs' Motion to Strike Defendant's Amended Affirmative Defenses (Doc. #31) filed on August 25, 2015. Defendant filed a Response in Opposition (Doc. #32) on September 9, 2015. Plaintiffs seek to strike defendant's Sixth Affirmative Defense for failure to provide fair notice, and because it is not pled with particularity pursuant to Fed. R. Civ. P. 9(b). Plaintiffs also seek to strike defendant's Fourteenth Affirmative Defense as irrelevant and immaterial.

*Standard of Review*

Under Fed. R. Civ. P. 12(f), "the Court may order stricken from any pleading any insufficient defense or redundant, immaterial, impertinent, or scandalous matter." Courts disfavor motions to strike and deny them unless the allegations have "no possible relationship to the controversy, may confuse the issues,

or otherwise prejudice a party." Reyher v. Trans World Airlines, 881 F. Supp. 574, 576 (M.D. Fla. 1995)(citations omitted). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). Affirmative defenses must follow the general pleading requirements contained in Rule 8 of the Federal Rules of Civil Procedure. A party must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A).

As with any pleading, an affirmative defense must provide "fair notice" of the nature of the defense and the grounds upon which it rests, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and state a plausible defense, Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Thus, "[w]hile an answer need not include a detailed statement of the applicable defenses, a defendant must do more than make conclusory allegations. If the affirmative defense comprises no more than bare bones conclusory allegations, it must be stricken." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002) (internal quotations omitted). The purpose of this pleading requirement "is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to

properly litigate it."  Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988).

*Sixth Affirmative Defense*

Defendant's Sixth Affirmative Defense is based on a bona fide error defense to plaintiffs' claims under the Florida Consumer Collection Practices Act (FCCPA) as follows:

> Defendant asserts that pursuant to Fla. Stats. §559.72(3), that any alleged violation of Chapter 559, Florida Statutes, which Defendant denies, was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error. More specifically, Defendant has procedures in place to cease contact with debtors that are represented by counsel. In the instant case, any alleged contact with Plaintiffs that purportedly occurred despite this policy was the result of Defendant not being aware that Plaintiffs were residing at an address believed by Defendant to be occupied by another debtor that was not represented by counsel.

(Doc. #21, p. 4.)  Under the FCCPA, "[a] person may not be held liable in any action brought under this section if the person shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error."  Fla. Stat. § 559.77(3).

The Court finds that the defense is sufficiently pled, and provides fair notice of the underlying factual basis.  The Court further finds that the defense is not required to be pled with

particularity, and this argument is without basis. See Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350, 1353 (11th Cir. 2009) (citing dictionary definition of bona fide as an error made in good faith and *without* fraud or deceit).

*Fourteenth Affirmative Defense*

Defendant's Fourteenth Affirmative Defense asserts that any calls made to plaintiffs which were not answered and for which no message was left did not constitute communications under Fla. Stat. § 559.55 because no information was conveyed. (Doc. #21, pp. 6-7.) This defense is actually a denial of Plaintiff's allegation that a communication occurred in violation of FCCPA and/or a denial that defendant's actions caused plaintiff's alleged damages. The Court will construe the fourteenth affirmative defense as a specific denial and, therefore deny the motion to strike. Jirau v. Camden Dev., Inc., No. 8:11-CV-73-T-33MAP, 2011 WL 2981818, at *2 (M.D. Fla. July 22, 2011) ("[W]hen a defendant labels a specific denial as a defense . . . the proper remedy is not to strike the claim, but instead to treat the claim as a specific denial.") (quoting FDIC v. Bristol Home Mortgage Lending, LLC, 2009 WL 2488302 at *3 (S.D. Fla. Aug. 13, 2009)).

Accordingly, it is hereby

**ORDERED:**

1. Pursuant to defendant's Notice of Withdrawal of Specific Affirmative Defenses (Doc. #30), defendant's First,

Seventh, Ninth, and Tenth Affirmative Defenses are deemed **withdrawn**, along with the text of subparagraph (1)[1] in the in the Fifth Affirmative Defense. The Clerk shall modify the entry for Defendant's Amended Affirmative Defenses to First Amended Complaint (Doc. #21) to link to this Order.

2. Plaintiffs' Motion to Strike Defendant's Amended Affirmative Defenses (Doc. #31) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __23rd__ day of September, 2015.

*[signature: John E. Steele]*

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

[1] "(1) willfully disposed of or moved Defendant's property from the address listed in the Lease Purchase Agreement, which is attached as Exhibit C to Defendant's Counterclaim, without written permission of Defendant." (Doc. #21, p. 3.)